**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                        No. 96-4737

WILLIAM WHEELER,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-96-156)

Argued: July 10, 1997

Decided: August 5, 1997

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Alan Hideto Yamamoto, Alexandria, Virginia, for Appel-
lant. Mark Samuel Popofsky, OFFICE OF THE UNITED STATES
ATTORNEY, Alexandria, Virginia, for Appellee. **ON BRIEF:** Helen
F. Fahey, United States Attorney, Timothy J. Shea, Assistant United
States Attorney, Ian Simmons, Special Assistant United States Attor-
ney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William George Wheeler appeals his 37-month sentence for possession with intent to distribute marijuana. <u>See</u> 21 U.S.C.A. § 841(a)(1) & (b)(1)(D) (West 1981 & Supp. 1997). He claims that he distributed, for no remuneration, only a small amount of marijuana and therefore, the district court should have sentenced him pursuant to 21 U.S.C.A. § 844 (West Supp. 1997), which provides a maximum term of imprisonment of 24 months. <u>See</u> 21 U.S.C.A. § 841(b)(4) (West Supp. 1997). We affirm the district court's sentence.

On January 23, 1996, Wheeler attempted to enter Lorton Reformatory Correctional Complex to visit a friend. While conducting a routine visitor check-point search of Wheeler, a Lorton correctional officer felt an "object" in Wheeler's groin area. A subsequent search revealed that the object was a balloon containing 2.86 grams of marijuana. Wheeler claimed that he was bringing the marijuana to a friend in Lorton for no remuneration.

In addition to possession with intent to distribute marijuana, Wheeler was charged in a three-count indictment with unlawfully introducing contraband into Lorton Reformatory in violation of 22 D.C. Code Ann. § 2603 (1981), and interfering with correctional officers in violation of 22 D.C. Code Ann. § 505(a) (Supp. 1997). Pursuant to a written plea agreement, Wheeler pleaded guilty to possession with intent to distribute marijuana and the Government dismissed the remaining two counts. The district court sentenced Wheeler to 37 months imprisonment, 2 years of supervised release, and a $50 assessment.[1]

_____

[1] The base offense level for possession with intent to distribute marijuana is 6. <u>See U.S. Sentencing Guidelines Manual</u>, § 2D1.1(a)(3) & (c)(17) (1995). However, Wheeler's two prior convictions for armed rob-

2

The penalties for violating 21 U.S.C.A. § 841(a) vary according to the types and amounts of controlled substances involved. "In the case of less than 50 kilograms of marihuana, . . . such person shall, except as provided in paragraphs (4) and (5) of this subsection, be sentenced to a term of imprisonment of not more than 5 years." 21 U.S.C.A. § 841(b)(1)(D) (West Supp. 1997). Paragraph (4) provides that "any person who violates subsection (a) of this section by distributing a small amount of marihuana for no remuneration shall be treated as provided in section 844 of this title and section 3607 of Title 18." 21 U.S.C.A. § 841(b)(1)(D)(4) (West Supp. 1997).

Wheeler contends that, based on the facts of his case, the district court was required to sentence him under § 844, which limits the maximum term of imprisonment for a person who has one prior drug-related conviction to 2 years.[2] After carefully reviewing the record and the briefs with the benefit of oral argument from counsel, and applying the proper standard of review, we hold that the district court did not err in determining Wheeler's sentence.

AFFIRMED

_____

bery, combined with the instant offense, qualified him for a sentence enhancement under the Career Offender section. See U.S.S.G. § 4B1.1(F). As a result, his offense level was enhanced to 17, with a 3 level reduction for acceptance of responsibility, see U.S.S.G. § 3E1.1, for a total offense level of 14. A total offense level of 14, combined with Wheeler's criminal history category of VI, resulted in a guideline range of 37-46 months of imprisonment, a supervised release term of 2-3 years, and a fine range between $4,000-$40,000.

[2] Wheeler has a prior conviction for possession of heroin by a prisoner. Therefore, he is ineligible for treatment under 18 U.S.C.A. § 3607 (West 1985), which allows district courts to impose pre-judgment probation on first-time drug offenders, and for treatment under the portion of 18 U.S.C.A. § 844 (West Supp. 1997), which provides a maximum one-year term of imprisonment to first-time drug offenders.

3